IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PARISHEE WILLIAMSON, ) <br> Individually and on behalf of others ) <br> similarly situated ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAKECH LLC, ) <br> d/b/a KAMALS 21 ) <br> and KAMAL BALOGUN ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br><br> NO.: _____ <br><br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Parishee Williamson, and files this lawsuit against Defendants Kakech LLC d/b/a Kamals 21 and Kamal Balogun (hereinafter collectively "Defendants"), and shows the following:

### Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wages and overtime

1

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## **Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Kakech LLC d/b/a Kamals 21 is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 1905 Piedmont Road, Atlanta, Georgia 30324.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## **Parties**

6.

Plaintiff Williamson was a resident of the State of Georgia during the relevant time period.

7.

Defendant Kakech LLC d/b/a Kamals 21 may be served with process by delivering a copy of the summons and complaint to its registered agent, Cary S. Wiggins at 260 Peachtree Street NW, #401, Atlanta, Georgia, 30303.

8.

Defendant Kamal Balogun may be served with process by delivering a copy of the summons and complaint to his work address at 1905 Piedmont Road, Atlanta, Georgia 30324.

## Factual Allegations

9.

Kamals 21 is an adult entertainment nightclub located at 1905 Piedmont Road, Atlanta, Georgia 30324.

10.

Plaintiff was employed as a waitress at Kamals 21 during the three years prior to the filing of this lawsuit.

11.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former waitress employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12.

At all times for three years prior to the filing of the instant complaint, Defendants have employed waitresses at Kamals 21.

13.

For the three years prior to the filing of the instant complaint, Defendants have, from time to time, categorized waitresses working at Kamals 21 as "independent contractors."

14.

Plaintiff and others similarly situated received paychecks reflecting minimum wage for some of the time that they worked at Kamals 21, but at other times, received no paycheck at all.

15.

At all times for the three years prior to the filing of the instant complaint, Defendants have required waitresses, including Plaintiff, to tip out other employees, including bar backs, bartenders and valets after every shift.

16.

At all times for the three years prior to the filing of the instant complaint, Defendants have required waitresses, including Plaintiff, to pay a $10 house fee following every shift.

17.

The specific amount waitresses, including Plaintiffs, were required to tip out has varied over the last three years, but has generally been at least $25 per shift.

18.

During many of the weeks Plaintiff worked at Kamals 21, Defendants have not paid waitresses any amount as wages. Instead, waitresses' sole source of work related income is gratuities they receive from customers.

19.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

20.

Defendant Kamal Balogun is the owner of Kakech LLC d/b/a Kamals 21.

21.

Defendant Balogun had discretion over Plaintiffs' working hours, employment status, and compensation.

22.

Defendant Balogun acts both directly and indirectly in the interest of Kakech

LLC d/b/a Kamals 21 and was in a supervisory position over Plaintiffs.

23.

Kakech LLC d/b/a Kamals 21is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

24.

Defendant Balogun is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

25.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

26.

At all times relevant, Defendant Kakech LLC d/b/a Kamals 21 has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

27.

At all times relevant, Defendant Kakech LLC d/b/a Kamals 21 has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

28.

At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

29.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

30.

Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

31.

Plaintiff and the FLSA Collective they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

# CAUSES OF ACTION

## Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

32.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiff worked.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

34.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A) Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D) Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 21st day of November 2013.

                                         **THE SHARMAN LAW FIRM LLC**

                                         /s/ Paul J. Sharman
                                         PAUL J. SHARMAN
                                         Georgia State Bar No. 227207

                                         The Sharman Law Firm LLC

        11175 Cicero Drive, Suite 100
        Alpharetta, GA 30022
        Phone: (678) 242-5297
        Fax: (678) 802-2129
        Email: paul@sharman-law.com

Counsel for Plaintiff