IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PARISHEE WILLIAMSON, Individually and on behalf of others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| KAKECH LLC, d/b/a KAMALS 21 and KAMAL BALOGUN | ) ) ) ) ) | NO.: 1:13-CV-03866-RLV |
| Defendants. | ) | JURY TRIAL DEMANDED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case**

*(a) Describe briefly the nature of this action.*

Plaintiff, on behalf of herself and others similarly situated claims that while employed by Defendants Kakech LLC d/b/a Kamals 21 and Kamal Balogun, she were not paid minimum wage and/or overtime at all times as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Defendants deny Plaintiff's claims.

*(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

Kamals 21 is an adult entertainment nightclub located at 1905 Piedmont Road, Atlanta, Georgia 30324. Plaintiff asserts that she was employed as a

waitress at Kamals 21 during the three years prior to the filing of this lawsuit. Plaintiff and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former waitress employees of Defendant Kakech LLC. At all times for three years prior to the filing of the instant complaint, Defendants have employed waitresses at Kamals 21.

*The legal issues to be tried are as follows.*

  *(1)*  Whether Defendant Kakech LLC is an "employer" as defined by the Fair Labor Standards Act;

  *(2)*  Whether Defendant Kamal Balogun is an "employer" as defined by the Fair Labor Standards Act;

  *(3)*  Whether Plaintiffs are "employees" as defined by the Fair Labor Standards Act;

  *(4)*  Whether Plaintiff was misclassified by Defendants as independent contractors;

  *(5)*  Whether any act of Defendants with respect to Plaintiff was "willful" as defined by the Fair Labor Standards Act;

  *(6)*  Whether Plaintiff can assert collective action claims on behalf of similarly situated employees;

  *(7)*  Whether any of Plaintiff's claims are barred by applicable statutes of limitations.

*(8)* Whether damages purportedly suffered by Plaintiff resulted from action beyond Defendants' control;

*(9)* Whether Defendants' actions were governed by the FLSA;

*(10)* Whether Plaintiff's collective action claims are barred to the extent they seek to assert or recover on claims on behalf of individuals who are not similarly situated for purposes of the FLSA;

*(11)* Whether Plaintiff is covered by FLSA or regulations promulgated thereunder;

*(12)* Whether Defendants are entitled to exclusions or set-offs;

*(13)* Whether Plaintiff's claims are barred by the doctrines of payment or accord and satisfaction.

*(d)* *The cases listed below (include both style and action number) are:*

*(1)* *Pending Related Cases:* None.

*(2)* *Previously Adjudicated Related Cases:* None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

__X_ (1) Unusually large number of parties
____ (2) Unusually large number of claims and defenses
____ (3) Factual issues are exceptionally complex
____ (4) Greater than normal volume of evidence

3

\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_ (8) Multiple use of experts

\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

*Plaintiff:*

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, Georgia 30022
Tel: (678) 242-5297
Fax: (678) 242-5201
paul@sharman-law.com

*Defendants:*

Jerry R. Caldwell, Esq.
235 Peachtree Street
Suite 400
Atlanta, Georgia 30303
(404) 965-1644 (office)
(404) 965-1643 (facsimile)
jcaldwell@thecaldwelllawfirm.com

**4. Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

____ Yes     _X_ No

*If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5.     Parties to This Action:**

*(a)     The following persons are necessary parties who have not been joined:* Additional Plaintiffs may be joined through the use of a Motion for Conditional Certification of a Collective Action or through an opt-in process.

*(b)     The following persons are improperly joined as parties:* None.

*(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:* None.

*(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.     Amendments to the Pleadings**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions*

*regarding amendments are contained in LR 15.*

> *(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:* In the event Plaintiff moves for conditional certification and it is denied, Plaintiff will seek leave to amend the Complaint to add opt-in Plaintiffs as named parties. In the event Defendants discover any additional affirmative defenses, Defendants will amend their Answer accordingly.
>
> *(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7. Filing Times for Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).*

> *(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

(b) *Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

(c) *Other Limited Motions: refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

(d) *Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony not later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

**8. Initial Disclosures:**

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.*

**9. Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.* The parties do not currently request a Rule 16 management conference.

**10. Discovery Period:**

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to*

7

*initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-month discovery period, and (c) eight (8)-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

The parties anticipate that discovery will be needed on the substantive allegations in Plaintiff's Complaint, whether Plaintiff can assert a Collective Action, Defendant's affirmative defenses, and the damages sought by Plaintiff.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:* No such reasons are known at this time but the parties reserve their rights to move the Court for further extensions if necessary in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Northern District of Georgia.

**11. Discovery Limitation:**

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitation should be imposed?*

None.

*(b) Is any party seeking discovery of electronically stored information?*

____ Yes       __X__ No

*(1) The parties have agreed not to engage in electronic discovery and that all documents shall be produced as paper copies.*

**12. Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?* The parties anticipate the need for a consent protective order.

**13. Settlement Potential:**

*(a) Lead counsel for the parties certify by their signatures below that they met and conducted a Rule 26(f) conference that was held on April 9, 2014, and that they participated in preliminary settlement discussions.*

For Plaintiff:     Lead counsel (signature):  /s/ *Paul J. Sharman*

   Other participants:   None

For Defendant:   Lead counsel (signature):  /s/*Jerry R. Caldwell*

Other participants: None

(b) *All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

( )   A possibility of settlement before discovery.

( X ) A possibility of settlement after some discovery.

( )   A possibility of settlement, but a conference with the judge is needed.

( )   No possibility of settlement.

(c) *Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.*

(d) *The following specific problems have created a hindrance to settlement of this case: None.*

**14. Trial by Magistrate Judge:**

(a) *The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction to a United States Magistrate Judge has been submitted to the Clerk of this Court this ___ day of _____, 2012.*

(b) *The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.*

This 5th day of May, 2014.

Respectfully submitted,

By: /s/ *Paul J. Sharman*  
Paul J. Sharman  
Georgia Bar No. 227207  
paul@sharman-law.com

The Sharman Law Firm LLC  
11175 Cicero Drive, Suite 100  
Alpharetta, Georgia 30022  
Phone: (678) 242-5297  
Fax: (678) 242-5297

*Attorney for Plaintiff*

By: */s/Jerry R. Caldwell*  
Jerry R. Caldwell, Esq.  
Georgia Bar No.: 125403  
jcaldwell@thecaldwelllawfirm.com

The Caldwell Law Firm P.C.  
235 Peachtree Street  
Suite 400  
Atlanta, Georgia 30303  
(404) 965-1644 (office)  
(404) 965-1643 (facsimile)

*Attorney for Defendant*

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B**

I HEREBY CERTIFY that the foregoing was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

*/s/ Paul J. Sharman*  
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PARISHEE WILLIAMSON, Individually and on behalf of others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| KAKECH LLC, d/b/a KAMALS 21 and KAMAL BALOGUN | ) ) ) ) | NO.: 1:13-CV-03866-RLV |
| Defendants. | ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed the foregoing **Joint Preliminary Report and Discovery Plan** with the Court's CM/ECF electronic filing system, which will automatically generate electronic notice to the following counsel of record:

Jerry R. Caldwell, Esq.
235 Peachtree Street
Suite 400
Atlanta, Georgia 30303
(404) 965-1644 (office)
(404) 965-1643 (facsimile)
E-mail: jcaldwell@thecaldwelllawfirm.com

Dated: 5th day of May, 2014.

*/s/ Paul J. Sharman*
Attorney for Plaintiff